No. 12189

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

_____

C. P. HEIDLEBAUGH, JR.,

Plaintiff and Appellant,

-vs-

DANIEL J. KORN et al.,

Defendants and Respondents.

_____

Appeal from:  District Court of the Eighth Judicial District,
Honorable Paul G. Hatfield, Judge presiding.

Counsel of Record:

For Appellant:

Graybill, Graybill, Ostrem and Warner, Great Falls,
Montana.
John V. Barron argued, Great Falls, Montana.

For Respondents:
argued.
G.C.  Schmidt, Gilbert & Jungers, Fort Benton, Montana.
Korn, Warden, Walterskirchen and Christiansen,
Kalispell, Montana.
Gary R. Christiansen argued, Kalispell, Montana.
Roglien, Hash and O'Brien, Kalispell, Montana.

_____

Submitted:  April 17, 1972

Decided: JUN 14 1972

Filed: JUN 14 1972

_____
                                    Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an action under the Montana Uniform Declaratory Judgments Act, sections 93-8901 through 93-8916, R.C.M. 1947, seeking to adjudge the rights of parties under a farm lease. Motions for summary judgment were filed by all parties to the action and on October 7, 1971, the district court of the eighth judicial district, county of Chouteau, Judge Paul G. Hatfield presiding, entered judgment in favor of the defendant Daniel J. Korn, executor of the estate of Thomas F. Wainwright, deceased.

In July 1966, a farm lease was entered into by Thomas F. Wainwright as lessor and C. P. Heidlebaugh, Jr. as lessee, for land in Chouteau County. By the terms of the lease the expiration date was November 1, 1969, unless sooner terminated as provided for in the lease. The lease contained the following clause:

> "* * * that second party is hereby given an option to meet any bid that may be made for said land, in the event said land shall be offered for sale during the term of this lease."

Plaintiff Heidlebaugh in his deposition admitted that on July 28, 1967, Thomas Wainwright attempted to terminate the lease by written notice. This was followed by a second written notice dated September 4, 1968. On October 1, 1968, the lands in question were leased to Louis V. Bierwagen by Wainwright with the full knowledge of Heidlebaugh, who was allowed to harvest the crop planted on the land that he had summer fallowed in 1968.

On November 29, 1968, Thomas F. Wainwright died and his will, dated August 31, 1954, was duly probated in Flathead County by Daniel J. Korn, as executor. A decree of distribution was made and entered on August 11, 1969, wherein the farm lands in

question here were distributed to Lorraine Wainwright (wife) and Donald Jack Wainwright (adopted son), subject to the right of Ray M. Wainwright (a natural son) to purchase the farm lands at the appraised value fixed in the estate. Ray M. Wainwright was one of the devisees under the will of Thomas F. Wainwright.

At no time during the life of Thomas F. Wainwright or thereafter were the lands in question offered for sale to the public, nor were any bids for the purchase thereof ever invited or received by any of the defendants herein.

Subsequently Ray M. Wainwright exercised his right to purchase, pursuant to his father's will.

Plaintiff alleges he never had an opportunity to meet the price paid by Ray M. Wainwright for the lands, even though a demand was made for such right.

The trial judge in his findings of fact, conclusions of law and judgment held: (1) That said farming lease was terminated by notices on July 28, 1967, and again on September 4, 1968, prior to the death of Thomas F. Wainwright; (2) that a subsequent lease by Thomas F. Wainwright to Louis V. Bierwagen, dated October 1, 1968, effectively terminated the prior lease to C.P. Heidlebaugh; (3) that the transfer of the subject property to Ray M. Wainwright was a testamentary disposition and not a sale; (4) that the failure of C. P. Heidlebaugh, Jr., to protest or resist the termination of lease served as a waiver of his rights thereunder and that he is thereby estopped to challenge ownership in Ray M. Wainwright; and (5) that the notice of termination followed by the subsequent lease to Louis V. Bierwagen negated any intention to offer the land for sale.

Although plaintiff-appellant presents four issues on appeal, we find the first issue to be controlling:

"Where property is devised to one heir subject to the right of another heir to purchase the same at a stated price, does the granting of said right of purchase amount to an offer of sale upon which a right of first refusal or preemptive right in a third party may operate?"

Appellant relies on Weintz v. Bumgarner, 150 Mont. 306, 434 P.2d 712. Weintz is the law in this state, but is not applicable to the facts of this case.

Here, the will of decedent Thomas F. Wainwright gave his son Ray M. Wainwright a right to purchase at a price set forth in the appraisal. This provision of the will is not a sale as contemplated by the option to purchase, for the right to purchase comes by way of the will to Ray M. Wainwright. Unlike the facts of Weintz where the heirs collectively made a sale to one of the heirs, here, Ray M. Wainwright received the right to purchase by testamentary deposition.

In Brown v. Thornton, 150 Mont. 150, 155, 432 P.2d 386, this Court said:

> "When on the record there is no genuine issue as to any material fact before the court the burden is on the party opposing the motion for summary judgment to present facts of a material and substantial nature raising a genuine issue. The trial judge has no duty to anticipate possible proof that might be offered. To impose such a duty would be to demand clairvoyance not possessed by even a trial judge."

In view of the above, we find summary judgment for respondents proper. The judgment of the district court is affirmed.

John Conway Harrison
Associate Justice

- 4

We Concur:

_James T. Harrison_
Chief Justice

_Gene B. Daly_

_Frank I. Haswell_

_Wesley Castles_
Associate Justices.